UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC HANEY,

                Plaintiff,

    v.

DDS R. PATRICK MURPHY,

                Defendant.

No. C10-5518 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: February 4, 2011**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the court's latest mailings to Plaintiff were returned and the court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

Plaintiff filed his complaint and application to proceed *in forma pauperis* in this matter on July 23, 2010. ECF No. 1. On August 3, 2010, Plaintiff was granted leave to proceed *in forma pauperis* and the court directed service of his complaint. ECF Nos. 4 and 5. Defendant Murphy filed his answer to the complaint on September 17, 2010. ECF No. 9. On October 6, 2010, the court entered a Pretrial Scheduling Order. ECF No. 10. On the same day, the Clerk mailed the Pretrial Schedule Order was mailed to Plaintiff Eric Haney at his last known address, the Larch Correction Center. *Id.* That mail was returned to the court as undeliverable on

REPORT AND RECOMMENDATION - 1

October 18, 2010. Larch Correction Center forwarded the mail to 20821 Ave. E, Graham, WA 98338 and it was returned marked "undeliverable as addressed/unable to forward." ECF No. 11.

Plaintiff has not notified the court of his current address. Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without a current address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 4, 2011**, as noted in the caption.

DATED this  18th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2